UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LILY B. M.,

                    Plaintiff,

        v.

COMMISSIONER OF SOCIAL
SECURITY,

                    Defendant.

CASE NO. 2:25-CV-1911-DWC

ORDER REVERSING AND
REMANDING DEFENDANT'S
DECISION

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of Defendant's partial denial of her applications for supplemental security income ("SSI") and disability insurance benefits ("DIB").[1] After considering the administrative record ("AR"), the Court concludes that the administrative law judge ("ALJ") erred in considering certain medical opinion evidence. Had the ALJ properly considered this evidence, Plaintiff's RFC may have included additional limitations. This error, therefore, is not harmless, and the ALJ's decision finding Plaintiff not disabled between February 24, 2020, and June 1, 2024, is reversed and

---

[1] Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 2.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION - 1

remanded for further administrative proceedings consistent with this order under sentence four of 42 U.S.C. § 405(g). The ALJ's finding that Plaintiff was disabled as of June 1, 2024, shall not be disturbed.

## I.    Procedural History

Plaintiff filed her applications for SSI and DIB on June 21, 2022, alleging disability beginning on October 15, 2013.[2] AR 72–73. Her claims were denied initially on November 14, 2022, and upon reconsideration on May 8, 2023. AR 72–73, 96–97. A hearing was held on July 17, 2024, and on October 21, 2024, ALJ Sasha Kurbegov ("the ALJ") issued a partially favorable decision, concluding that Plaintiff "was not disabled under sections 216(i) and 223(d), respectively, of the Social Security Act" but was "disabled under section 1614(a)(3)(A) of the Social Security Act beginning on June 1, 2024." AR 17, 30–31.

Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on July 30, 2025, making the ALJ's decision the Commissioner's final decision subject to judicial review. AR 1. From this decision, Plaintiff filed a complaint with this Court on October 7, 2025, seeking judicial review of the ALJ's decision. Dkt. 5.

## II.    Standard of Review

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (citation omitted). "We review only the reasons

---

[2] Plaintiff later amended her alleged onset date to February 24, 2020. AR 17, 268–69.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION - 2

provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which [they] did not rely." *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014).

"[H]armless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. § 404.1502(a). Generally, an error is harmless if it is not prejudicial to the claimant and is "inconsequential to the ultimate nondisability determination." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see also Molina*, 674 F.3d at 1115.

**III.    Discussion**

In her Opening Brief, Plaintiff alleges that (1) the ALJ erred in failing to properly consider two medical opinions; and (2) that substantial evidence does not support the ALJ's conclusion that "Plaintiff was capable of sustaining a substantial gainful activity work schedule consistent with the vocational expert's testimony." Dkt. 14 at 2, 10.

A.    Medical Opinion Evidence

Plaintiff argues that the ALJ erred in "failing to properly consider the opinions of a medical expert and reviewing physician in the record and in failing to provide adequate explanation for the degree of persuasiveness and weight given these opinions." Dkt. 14 at 2.

For SSI applications filed after March 27, 2017, in evaluating medical opinion evidence, ALJs "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s)." 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Rather, the ALJ must consider every medical opinion or prior administrative medical finding in the record and evaluate the persuasiveness of each opinion using specific factors. *Id.* The critical factors in an ALJ's determination of persuasiveness are the "supportability" and "consistency" of each opinion. *Id.* §§ 404.1520c(b)(2), 416.920c(b)(2).

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION - 3

"Supportability means the extent to which a medical source supports the medical opinion by explaining the 'relevant . . . objective medical evidence.'" *Woods v. Kijakazi*, 32 F.4th 785, 791–92 (9th Cir. 2022) (quoting 20 C.F.R. § 404.1520c(c)(1)); *see also id.* at § 416.920c(c)(1). A medical opinion is more "supportable," and therefore, more persuasive, when the sources provide ample relevant "objective medical evidence and supporting explanations" for the medical opinion. *Woods*, 32 F.4th at 793 n.4. "Consistency means the extent to which a medical opinion is 'consistent . . . with the evidence from other medical sources and nonmedical sources in the claim.'" *Id.* at 792 (quoting 20 C.F.R. § 404.1520c(c)(2)); *see also id.* at § 416.920c(c)(2).

An ALJ must articulate "how [they] considered the supportability and consistency factors for a medical source's opinion" when making their decision. *Id.* §§ 404.1520c(b)(2), 416.920c(b)(2). "Even under the new regulations, an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence." *Woods*, 32 F.4th at 792.

Following Plaintiff's hearing, on July 17, 2024, the ALJ requested that Ophthalmologist Tina C. Lucas-Glass ("Dr. Lucas-Glass") provide her opinion regarding Plaintiff's functional limitations through interrogatories. AR 4334. In her medical interrogatory submitted on August 28, 2024, Dr. Lucas-Glass opined, *inter alia*, that:

> [b]ased on [Plaintiff]'s poor right eye distance visual acuity of Count fingers at 6 feet in the right eye and 20/30 in the left eye documented on 12/24/20 (2F7), there would be some difficulty with heights, reaching and depth perception since that time. Based on [Plaintiff]'s poor distance in both eyes of 20/400 in the right eye and 20/300 in the left eye documented on 1/3/2022 (3F41), [Plaintiff] *should not* drive, operate machinery in addition to working at h[e]ights and *reaching* since that time.

AR 4391 (emphases added).

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION - 4

The ALJ found that "Dr. Lucas-Glass stated that since February 24, 2020, [Plaintiff] would have *some difficulty* with heights, *reaching*, and depth perception since that time." AR 27 (emphases added). The ALJ did not reject any portion of Dr. Lucas-Glass's opinion in the decision, and ultimately found Dr. Lucas-Glass's opinion "persuasive" because, as to supportability, she "presented sufficient objective evidence and explanation for her conclusions regarding [Plaintiff]'s work limitations[,]" and as to consistency, her opinion was "generally consistent with [Plaintiff]'s statements about her daily activities, and the observations of [Plaintiff]'s treating ophthalmologists." *Id.*

As Plaintiff notes in her Opening Brief, "[t]he ALJ stated that he found Dr. Lucas-Glass's opinion persuasive. He did not indicate that he rejected any aspect of her opinion or provide rationale for rejecting any aspect of her opinion." Dkt. 14 at 4; AR 27. Nonetheless, the ALJ did not provide for any *reaching* limitations in Plaintiff's RFC, despite Dr. Lucas-Glass's opinion that, since January 3, 2022, Plaintiff *should not* be reaching due to her poor eyesight. AR 22, 27.

In light of the ALJ's finding that Dr. Lucas-Glass's opinion was persuasive and providing no reasons for finding any portion of her medical opinion unpersuasive—coupled with the fact that the ALJ's functional limitations *do not* accurately reflect Dr. Lucas-Glass's opinion that, "[b]ased on [Plaintiff]'s poor distance in both eyes . . . [Plaintiff] should not . . . [be] reaching, since" January 3, 2022, AR 27, 4391—the Court concludes that the ALJ erred in failing to address this medically opined functional limitation in Plaintiff's reaching ability based upon Dr. Lucas-Glass's medical opinion because an ALJ may not reject "significant probative evidence" without explanation. *See Vincent ex rel. Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984); *see also* SSR 96-8p ("If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted.").

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION - 5

Here, it is unclear whether the ALJ rejected this portion of Dr. Lucas-Glass's opinion regarding Plaintiff's ability to reach, or whether the ALJ failed to consider this evidence, but an ALJ has a duty to "set forth" their reasoning "in a way that allows for meaningful review[,]" *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015), which requires building an "accurate and logical bridge from the evidence to [the ALJ's] conclusions." *Michael D. v. Comm'r of Soc. Sec.*, No. 2:22-CV-464-DWC, 2022 WL 4377400, at *3 (W.D. Wash. Sept. 22, 2022) (quoting *Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003)). Absent findings explaining whether he accepted or rejected Dr. Lucas-Glass's opinion regarding Plaintiff's reaching limitation, the Court cannot conduct meaningful review of the ALJ's findings regarding Dr. Lucas-Glass's opinion. For the aforementioned reasons, the Court concludes that the ALJ erred in his evaluation of Dr. Lucas-Glass's testimony and by failing to address Dr. Lucas-Glass's opined reaching limitation.

Applying the harmless error analysis, the Court concludes that if the ALJ had properly considered Dr. Lucas-Glass's opinion, the RFC may have included additional limitations, or the questions posed to the vocational expert may have reflected Dr. Lucas-Glass's opinion that Plaintiff should not be "reaching since" January 3, 2022. AR 4391. Accordingly, the ALJ's error is not harmless and requires reversal. *See Stout*, 454 F.3d at 1055; *see also Molina*, 674 F.3d at 1115.

B.      Remaining Issues

Having found reversible error, remand for further proceedings is the appropriate disposition because ambiguities remain in the record, including the consideration of the effects of functional limitations opined by Dr. Lucas-Glass on Plaintiff's RFC that the ALJ did not consider in the decision. *Id.*; *see also Leon v. Berryhill*, 880 F.3d 1041, 1047 (where there are

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION - 6

"conflicts, ambiguities, or gaps" in the record, the appropriate disposition is to remand the matter). In light of this disposition, the Court need not address Plaintiff's additional arguments regarding Dr. Packer's opinion,[3] or Plaintiff's subjective symptom testimony, because on remand, the ALJ must re-evaluate the entire sequential evaluation process, including all of the medical opinion evidence and Plaintiff's subjective symptom testimony. *See* Social Security Ruling 96-8p, 1996 WL 374184 (1996) (an RFC "must always consider and address medical source opinions"); *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) ("[A]n RFC that fails to take into account a claimant's limitations is defective."); *Mendel v. Comm'r of Soc. Sec.*, No 2:24-CV-1901-DWC, 2025 WL 1507871, at *4 (declining to address the plaintiff's argument regarding a second medical opinion because "the ALJ committed harmful error in assessing the medical opinion evidence of [another medical professional] and remand for further proceedings [were] appropriate"); *Watson v. Astrue*, No. ED CV 09-1447-PLA, 2010 WL 4269545, at *5 (C.D. Cal. Oct. 22, 2010) (finding the RFC and hypothetical questions posed to the vocational expert at Step Five were defective when the ALJ did not properly consider physicians' findings).

//

//

//

//

//

//

---

[3] On remand, the ALJ should reconsider the medical opinion of state agency medical consultant, Dr. Brent Packer, AR 454–56, as the reaching limitations opined in Dr. Lucas-Glass's "persuasive" medical opinion should be considered when evaluating the physical limitations opined in Dr. Packer's "not persuasive" medical opinion. AR 27–28, 4391.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION - 7

**IV.     Conclusion**

Based on the foregoing reason and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** for further administrative proceedings, consistent with this order.

Dated this 20th day of April, 2026.

David W. Christel
United States Magistrate Judge

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION - 8